BLASINI, DEMANDANTE Y APELADO, *v.* COLÓN, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre reivindicación.

No. 1468.—Resuelto en julio 13, 1916.

DESLINDE—MENSURA—PLANO—NEGATIVA DEL JUEZ A INCLUIR EN LA ORDEN DE DESLINDE LÓS PARTICULARES DE LA ANTIGUA LEY DE ENJUICIAMIENTO CIVIL.— Cuando el peticionario no intenta obtener la determinación formal de un deslinde sobre el terreno hecho por el juez después de la mensura que determina el Código de Enjuiciamiento Civil español, Título XV, sobre deslinde y amojonamiento, sino que se verifique la mensura y se levante un plano de acuerdo con el artículo 286 del Código de Enjuiciamiento Civil de 1904 como medida preliminar al establecimiento de una acción reivindicatoria, no es necesario recurrir en forma alguna a la antigua práctica española para completar el procedimiento prescrito por dicho artículo 286, y la negativa del

juez inferior a incluir en lá orden los particulares de la antigua Ley de Enjuiciamiento Civil no es un error que dé lugar a la revocación de la sentencia.

ID.—INSPECCIÓN OCULAR—ABUSO DE DISCRECIÓN.—Bajo los hechos de este caso no fué un abuso de discreción el negarse el juez sentenciador a practicar la inspección ocular del sitio antes de expedir la orden para que se verificara la mensura y deslinde de la finca.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel A. Rivera.*

El apelado no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La Corte de Distrito de Ponce, de conformidad con una moción que fué presentada de acuerdo, con el artículo 286 del Código de Enjuiciamiento Civil, preliminar a una acción reivindicatoria, ordenó la mensura de ciertos terrenos, autorizando "al agrimensor que designe el demandante, así como a los empleados que él necesite al efecto, para penetrar en la finca del demandado, que se describirá más adelante, siempre que sea preciso para verificar la mensura y levantamiento del plano de la finca del demandante, ordenando al demandado permita la entrada de dichas personas en el día que al efecto se le designe, apercibido de ser castigado por desacato si a ello se opusiere."

El artículo 286 *supra,* en tanto es pertinente, y el artículo 287 del Código de Enjuiciamiento Civil, prescriben lo siguiente.

"Artículo 286.—Cualquiera persona que de buena fe se creyere con derecho a reclamar la posesión, el dominio o una participación en propiedad real o en pertenencia minera, incluyendo cualquier veta o peñasco de la misma, que esté o que por motivos fundados creyere que está en posesión de otra persona, mediante la ejecución por parte de ésta de excavaciones subterráneas u obras sobre la superficie del terreno, y se haga necesario para determinar, obligar a reconocer o proteger tales derechos o intereses que se practique un examen o deslinde de la propiedad, y si la persona que\ de este modo estuviere en posesión de la misma, dejare de autorizar o se negare a consentir durante tres días después de haber sido requerido por escrito para

que permita el hacer tal examen, o deslinde, la persona que lo interese podrá solicitar de la corte o del juez de ésta, una orden para que se practique dicho examen y deslinde, tenga o no pendiente ante dicha corte algún litigio sobre tal derecho.

"Dicho examen se practicará, mediante solicitud por escrito o declaración bajo juramento en la cual se hará constar la descripción de la propiedad, interés que la parte tenga en ella; que la propiedad en cuestión está en posesión de otra persona, nombrándola; la razón por la cual se solicita el examen o deslinde; el requerimiento hecho a la otra parte y la negativa de ésta.

"La corte o el juez señalará fecha y lugar para la vista, lo que se notificará con copia de la solicitud a la parte contraria, tres días antes de la vista por lo menos y un día más por cada veinte y cinco millas de distancia entre el sitio en que se haga la notificación y· el lugar de la vista, y ésta se celebrará y las pruebas se producirán en la forma dispuesta para la vista de *injunctions*.

"Si celebrada la vista, la corte o el juez quedare convencido de que cualquiera de los litigantes tiene derecho a que se le conceda el examen o deslinde de cualquier propiedad que esté en posesión de otro, y que en virtud de los documentos obrantes en el procedimiento, ha sido puesta en controversia, se librará la orden para el examen, deslinde u otras investigaciones que la corte o el juez considere justas, especificándose en ella, tanto como sea posible, cuáles son las diligencias y actos que puede ejecutar la persona a cuyo favor se dicte. Por virtud de dicha orden la persona a cuyo favor se expida, tendrá libre acceso, con los agentes y auxiliares que se le permitan a todos los sitios de la propiedad, y derecho a remover cualquier roca suelta, escombros u otro obstáculo, si fuere necesario para hacer una inspección o deslinde completo ·de la propiedad, pero no podrá remover tales·obstáculos sin el consentimiento de la parte contraria o sin que la orden de la corte o juez lo permita.

"La corte o el juez puede también, mediante comprobación adecuada, con objeto de que se presenten las pruebas que se necesitaren para resolver sobre los derechos de las partes, permitir que se hagan obras en la propiedad, pero tales obras sólo se permitirán después de haberse expresado detalladamente, y no se permitirán en forma que obstaculicen los trabajos de la parte contraria, y sí sólo en caso de que la corte quedare convencida de que la parte contraria está procediendo de mala fe y que está infringiendo o tratando de infringir los derechos de la parte que solicita llevar a cabo dichas obras, ·y si no hubiere otra forma razonable o conveniente para la

proposición y práctica de las pruebas necesarias para resolver los derechos de las partes.

     *       *       *       *       *       *       *

"Artículo 287.—En la orden se describirá la propiedad y se entregará al dueño u ocupante una copia autorizada de la misma e inmediatamente después la parte podrá entrar en dicha propiedad, con los agrimensores y auxiliares necesarios para hacer el deslinde y mensura; pero si se causaren daños innecesarios a la propiedad dicha parte será responsable de ellos."

Insiste el apelante en que la corte sentenciadora abusó de su discreción al negarse a hacer la inspección ocular del sitio antes de expedir la orden; que la sentencia no está sostenida por la prueba, y que la sentencia no protege suficientemente los derechos del demandado, pues en ella no se observó el procedimiento indicado en el Código de Enjuiciamiento Civil Español, Título XV, sobre deslinde y amojonamiento, que el apelante alega está todavía en vigor, y especialmente los artículos 2062 al 2065 inclusives (artículos 2061 al 2064 de la Ley de Enjuiciamiento Civil para Cuba y Puerto Rico), del referido código, los cuales disponen lo siguiente:

"Artículo 2062.—El juez señalará el día y hora en que haya de principiar el acto, haciéndolo con la anticipación necesaria para que puedan concurrir todos los interesados, a quienes se citará previamente en forma legal.

"Los desconocidos y de ignorada residencia serán citados por medio de edictos, que se fijarán en los sitios de costumbre de la cabeza del partido del pueblo en que radique la finca, y de aquel en que el citado hubiere residido últimamente.

"Artículo 2063.—Si el juez no pudiere concurrir a la práctica del deslinde, dará comisión al juez municipal del término en que radique la finca.

"Artículo 2064.—No se suspenderá la práctica del deslinde, ni del amojonamiento si también se hubiere pedido, por la falta de asistencia de alguno de los dueños colindantes, al cual quedará a salvo su derecho para demandar, en el juicio declarativo que corresponda la posesión o propiedad de que se creyese despojado en virtud del deslinde.

"Artículo 2065.—Tanto el que hubiere solicitado el deslide, como los demás concurrentes a la diligencia, podrán presentar en ella los títulos de sus fincas y hacer las reclamaciones que estimen procedentes por sí o por medio de apoderado que nombren al efecto.

"También podrán concurrir a la diligencia, si uno o más de los interesados lo solicitare, peritos de su nombramiento o elegidos por el juez que conozcan el terreno y puedan dar las noticias necesarias para el deslinde."

Si este procedimiento hubiera sido establecido de acuerdo con el Título XV del Código Civil Español con el solo objeto de hacer una mensura y fijar en el terreno una colindancia entre los interesados en cuanto a la forma en que allí se describe, entonces la discusión y resolución de la cuestión de si el título a que se ha hecho referencia está o no todavía en vigor y efecto hubiera sido tanto adecuada como necesaria; pero esa cuestión no está envuelta en este caso. No existe el más remoto indicio de ningún fin o intención por parte del peticionario de obtener la determinación formal de una colindancia sobre el terreno hecha por el juez después de la mensura, sin recurrir a una acción, pero como dijimos al principio, el procedimiento ha sido establecido especialmente de acuerdo con el artículo 286 del Código de Enjuiciamiento Civil como medida preliminar al establecimiento de una acción reivindicatoria. En estas circunstancias el recurrir en alguna forma el juez sentenciador a la antigua práctica española para complementar el procedimiento prescrito por el nuevo código adoptado en 1904, era enteramente innecesario. Ni siquiera consta que el demandado hubiera hecho alguna moción en la corte inferior para que se incluyera en la orden cualquiera de los particulares que ahora alega que debió haberse hecho para la protección de sus derechos; pero si hubiera promovido de tal modo la cuestión en la corte inferior y se hubiera denegado su petición, dicha negativa por parte del juez de la corte inferior no podía ser considerada como un error que dé lugar a la revocación de la sentencia en el caso de autos, aun cuando

para los fines del argumento, se admitiera que el Título XV del Código de Enjuiciamiento Civil Español continúa todavía en toda su fuerza y vigor.

En lo que respecta a los demás errores, será bastante con decir que un examen cuidadoso de todos los autos no revela ni tal abuso de discreción por parte del juez sentenciador en negarse a practicar la inspección ocular del sitio antes de expedir la orden, ni un error tan manifiesto en la apreciación de la prueba que pudiera justificar la revocación de la sentencia.

La resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Presidente Sr. Hernández no intervino.